UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRADLEY CHRISTOPHER STARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 15-0202 (ABJ) |
| ) | |
| ERIC H. HOLDER, JR., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff "was convicted by a jury of wire fraud and securities fraud related to a scheme to defraud investors in his investment firm, Sardaukar Holdings." *United States v. Stark*, 582 F. App'x 462, 463 (5th Cir. 2014) (per curiam). "On October 9, 2012, [he] was sentenced to a total of 276 months confinement, three years supervised release, and [was] ordered to pay restitution in the amount of $13,048,215.84." *Stark v. Cruz*, No. 3:12–CV–3587–M, 2012 WL 5340248, at *1 (N.D. Tex. Oct. 17, 2012).

According to plaintiff, he "entered into an agreement in writing for resolution of the judicial controversy in UNITED STATES OF AMERICA v. BRADLEY C[.] STARK, No. 3:08-cr-00258-M-1 (N.D. Tex[.] 2008), 5th Cir. No. 12-10247[,]" Application to Confirm Arbitration Award, ECF No. 1 ¶ 16 (emphasis in original), with the United States of America, the Attorney General of the United States and several other federal government officials. *See id*. ¶¶ 4-13. "[A] dispute arose" between the parties arising from defendants' alleged failure to release plaintiff from custody, to void the criminal judgment against him, and to "pay actual damages for false arrest, false imprisonment/unlawful incarceration, [and] malicious prosecution," among other breaches of the agreement. *Id*. ¶ 21. The dispute "was subject to the arbitration provision

1

of the agreement," *id.*, and allegedly an "arbitrator granted [plaintiff's] request for summary disposition" of the dispute. *Id.* ¶ 23; *see also id.*, Exs. 2-4 (Appointment of Arbitrator, Request for Summary Disposition, and Arbitration Award dated June 9, 2014, respectively). Plaintiff purportedly has obtained an arbitration award of actual damages, *id.* ¶ 23, totaling $3,296,347,823.00 as compensation from August 20, 2008, the date on which the indictment was filed, to May 27, 2014. *See id.*, Ex. 4 at 2, 5 (page numbers designated by the Court). Because defendants have "failed to satisfy the arbitration award, *id.* ¶ 24, plaintiff stated that "a judgment in conformance with the arbitration award is needed to permit [him] to enforce it." *Id.* ¶ 25. This matter has come before the Court on plaintiff's Application to Confirm Arbitration Award requesting, among other relief, "a judgment that conforms to the award of the arbitrator." *Id.* at 11.

Plaintiff filed a substantially similar document in the United States District Court for the Northern District of Texas seeking enforcement of the same agreement as against the same defendants and for confirmation of the same arbitration award.[1] *See generally* Petition to Confirm Arbitration Award, *Stark v. Holder*, No. 3:14-CV-2920 (N.D. Tex. filed Aug. 14, 2014). That court construed plaintiff's petition as a civil complaint, and based on a Magistrate Judge's Findings, Conclusions and Recommendations, dismissed the complaint with prejudice:

> [A]ll of Plaintiff's claims against Eric Holder, Richard Roper, James Jacks, Sarah Saldana, Paul Lee Yanowitch, and Christopher Stokes [are] dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b) (2) and 28 U.S.C. § 1915(e)(2)(B)(iii); all Plaintiff's claims against the United States of America [are] dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(I) and (ii); and all of Plaintiff's claims against Laura

---

[1] The Court takes judicial notice of public records from other proceedings. *See Covad Comm'cns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005). Based on a review via PACER of the docket and documents filed in plaintiff's case in the Northern District of Texas, it is apparent that the Petition to Confirm Arbitration Award and the instant Application to Confirm Arbitration Award are substantially similar, and that certain language appears verbatim in both documents. A copy of the same Arbitration Award is filed in both cases.

> Schlier, Ronald Loecker, and Timothy Neylan, and alternatively, all Plaintiff's claims against defendants Holder, Roper, Jacks, Saldana, Yanowitch, and Stokes, [are] dismissed with prejudice to their being asserted again until the *Heck v. Humphrey* conditions are met, pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(I) and (ii).

*Stark v. Holder*, No. 3:14-CV-2920, 2014 WL 5013742, at *1 (N.D. Tex. Oct. 7, 2014) (emphasis removed), *appeal filed*, No. 14-11139 (5th Cir. Oct. 17, 2014).

Under the doctrine of *res judicata* (claim preclusion), a final judgment on the merits in a prior suit involving the same parties bars subsequent suits based on the same cause of action. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979). Parties are thus prevented from relitigating in a separate proceeding "any ground for relief which they already have had an opportunity to litigate[,] even if they chose not to exploit that opportunity," and regardless of the soundness of the earlier judgment. *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981); *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg.Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously") (citation omitted). Because the United States District Court for the Northern District of Texas already has entered its judgment on the merits of plaintiff's claims, this Court concludes that the claims are barred under the doctrine of *res judicata*.[2]

An Order accompanies this Memorandum Opinion.

DATE: March 13, 2015

/s/
AMY BERMAN JACKSON
United States District Judge

---

[2]  Plaintiff's Ex Parte Motion to Appoint Marshal to Serve Summons and Application to Confirm Arbitration Award, ECF No. 3, will be denied as moot.